# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

JAMES SIMMONS                                                   **PLAINTIFF**

v.                                             **CIVIL ACTION NO. 3:14CV-P354-H**

MIQUEL SOLOZANO *et al*.                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, James Simmons, a prisoner proceeding *in forma pauperis*, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will allow the Eighth Amendment claim for sexual assault and harassment and the retaliation claim to proceed past initial review.

## I. SUMMARY OF CLAIMS

Plaintiff brings this complaint against the following five Defendants: (1) Miquel Solozano, a corrections officer at Kentucky State Reformatory (KSR); (2) Clark Taylor, the warden at KSR; (3) LaDonna Thompson, the Commissioner of the Kentucky Department of Corrections (DOC); (4) Michael Williams, an internal affairs investigator for the Kentucky DOC; and (5) Darell SinClair, also an internal affairs investigator for the Kentucky DOC. Plaintiff sues Defendant Solozano in both his individual and official capacities; and he sues the remaining Defendants in only their official capacity. As relief, Plaintiff seeks monetary damages, punitive damages, and injunctive relief.

In his complaint, Plaintiff states that from "June to September 2013 [he] was subjected to Sexual Assault and Sexual Harassment" by Defendant Solozano. Plaintiff states that during this

time period he was employed as a kitchen worker.  Plaintiff states that Defendant Solozano would conduct searches and routine pat-downs when Plaintiff was released from his shift working in the kitchen.  According to Plaintiff, during these searches and pat-downs, Defendant Solozano would "group, rack [his] testicals, fondle [his] penis by holding [his] penis to the side while racking [his] testicals and running [his] hand up and down [Plaintiff's] legs and around [his] crouch area."  Plaintiff states that he "reported this behavior and assault to the corrections Lt. and the supervisor . . . ."  According to Plaintiff, he and two other inmates filed a grievance "which was not fully and answered and properly followed through according to procedures."  Plaintiff states that he also reported the alleged wrongful behavior to the Prison Rape Elimination Act (PREA) coordinator and Internal Affairs.  According to Plaintiff, the "Internal Affairs team Officers SinClair and Williams then subjected each of us to interrogation which consisted of threats of Disciplinary Actions and Segregation time if we didn't drop the matter and forget the incident."

Plaintiff alleges that his Eighth and Fourteenth Amendment rights were violated by Defendant Solozano's sexual assault and harassment and that his Eighth Amendment right was violated by the Kentucky DOC failing "to follow the PREA standards for reporting by inmates . . . ."  Further, Plaintiff alleges that he was retaliated against when he was "fired and released from [his] job duties, and repeatedly subjected to cell searches in the Honor Dorm by staff."  He states that his injuries include "mental anguish, stress, humiliation, painful racking of [his] genitalia and testicals, [and that he] could not complete the programs [he] was enrolled in because the staff would not take the proper measures to protect [his] rights . . . ."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers*, *USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169

(6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

*A. Eleventh Amendment Immunity*

Plaintiff sues Defendants in their official capacities. His claim for money damages against Defendants in their official capacities fails because it is barred by Eleventh Amendment immunity. Under the Eleventh Amendment to the U.S. Constitution,[1] a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); *see Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 WL 37824, at *2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states

---

[1]"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

and state agencies under section 1983 and section 1985."). The Eleventh Amendment similarly bars the damages claims against state officials sued in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *McCrary v. Ohio Dep't of Human Servs.*, No. 99-3597, 2000 WL 1140750, at *3 (6th Cir. Aug. 8, 2000) (finding § 1983 and § 1985 claims against state agency and its employees in their official capacities for damages barred by Eleventh Amendment immunity).

Accordingly, the claim for money damages against Defendants in their official capacities will be dismissed from this action.

However, Plaintiff also seeks prospective injunctive relief. Such relief is not barred by Eleventh Amendment immunity. *See McKay v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000) (finding that "[t]he district court correctly determined that the Eleventh Amendment permits prospective injunctive relief but not damage awards, for suits against individuals in their official capacities under 42 U.S.C. § 1983").

Accordingly, the official-capacity claim for prospective injunctive relief will proceed.

## B. *Sexual Assault and Sexual Harassment*

Plaintiff alleges that Defendant Solozano engaged in inappropriate sexual contact with him during pat-downs from June to September 2013, in violation of the Eighth and Fourteenth Amendments. Where a particular constitutional amendment governs government behavior, claims under § 1983 should be evaluated under that particular constitutional provision rather than under the Fourteenth Amendment's substantive due process rubric. *Albright v. Oliver*, 510 U.S. 266, 273 (1994); *Graham v. Connor*, 490 U.S. 386, 395 (1989). "It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject

5

to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (citations omitted).

Upon consideration, the Court will allow the Eighth Amendment claim involving the alleged inappropriate sexual contact to proceed against Defendant Solozano. The Court will dismiss the Fourteenth Amendment claim involving the alleged inappropriate sexual contact.

## C. Retaliation Claim

Plaintiff alleges that he was retaliated against for filing an institutional grievance complaining that Defendant Solozano sexually assaulted him. He alleges that the retaliation included: Defendants SinClair and Williams threatening him with disciplinary action and segregation; being fired from his job in the kitchen by Defendant Solozano; and an increased number of cell searches.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.*

Upon consideration, the Court will allow the retaliation claim to proceed.

*D. PREA Claim*

The Court construes Plaintiff as alleging a claim under the Prison Rape Elimination Act (PREA), 42 U.S.C. § 15601 *et seq.* "[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002). Although not addressed in the Sixth Circuit, district courts have found that the PREA does not create a private cause of action which can be brought by an individual plaintiff. *See Montgomery v. Harper*, No. 5:14CV-P38-R, 2014 WL 4104163, at *3 (W.D. Ky. Aug. 19, 2014) ("[T]his Court concludes that the PREA creates no private right of action."); *Chapman v. Willis*, No. 7:12-CV-00389, 2013 WL 2322947, at *4 (W.D. Va. May 28, 2013) ("There is no basis in law for a private cause of action to enforce a PREA violation."); *Holloway v. Dep't of Corr.*, No. 3:11VCV1290(VLB), 2013 WL 628648, at *2 (D. Conn. Feb. 20, 2013) ("There is nothing in the PREA that suggests that Congress intended it to create a private right of action for inmates to sue prison officials for non-compliance to the Act."); *Faz v. N. Kern State Prison*, No. CV-F-11-0610-LJO-JLT, 2011 WL 4565918, at *5 (E.D. Cal. Sept. 29, 2011) ("[T]he PREA does not create a private right of action . . . ."); *Woodstock v. Golder*, No. 10-CV-00348-ZLW-KLM, 2011 WL 1060566, at *9 (D. Colo. Feb. 7, 2011) ("PREA provides no private right of action.") (citation omitted). "The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. . . . The statute does not grant prisoners any specific rights." *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008).

Upon consideration, this Court concludes that the PREA creates no private right of action. Plaintiff's claim under that Act must, therefore, be dismissed.

*E. Defendants Taylor and Thompson*

Plaintiff names Clark Taylor and LaDonna Thompson as Defendants in this action, and sues them in their official capacities. However, Plaintiff makes no allegations against them in his complaint. "It is axiomatic that a complaint under 42 U.S.C. § 1983 must show a causal connection between the named defendants and the alleged constitutional deprivation; the doctrine of *respondeat superior* has no application thereunder." *Cox v. Barksdale*, No. 86-5553, 1986 WL 18435, at *1 (6th Cir. Nov. 13, 1986) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed . . . ." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also LeMasters v. Fabian*, No. CIV. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own *personal* acts or omissions directly caused a violation of the plaintiff's constitutional rights.") (emphasis in original). Having failed to attribute any wrongdoing to them, these Defendants should be dismissed from this action.

Further, having sued them in their official capacities only, any claims against them are redundant. *See Von Herbert v. City of St. Clair Shores*, 61 F. App'x 133, 140 n.4 (6th Cir. 2003) (Krupansky, dissenting) ("Herbert's official-capacity federal claims against [the individual defendants] were redundant, because they were subsumed by her § 1983 charge against the city."); *Spell v. McDaniel*, 824 F.2d 1380, 1396 (4th Cir. 1987) ("[N]o claim against officials in their individual capacities was made, a simpler, technically correct and by far preferable

structuring would have been to name the City as the sole defendant."); *Smith v. Brevard Cnty.*, 461 F. Supp. 2d 1243, 1251 (M.D. Fla. 2006) (dismissing claims against individuals sued in their official capacity as redundant where their employer was also named as a defendant); *Smith v. Bd. of Cnty. Comm'rs of Cnty. of Lyon*, 216 F. Supp. 2d 1209, 1219-20 (D. Kan. 2002) (dismissing the claim against the sheriff sued only in his official capacity as redundant since the governmental entity of which he was an officer or agent was also a defendant in the action).

For these reasons, Defendants Taylor and Thompson will be dismissed from this action.

## IV. ORDER

**IT IS ORDERED** that the Eighth Amendment sexual assault and harassment claim and the retaliation claim shall proceed beyond § 1915A initial review.

**IT IS FURTHER ORDERED** as follows:

(1) the official-capacity claim for monetary damages is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2) since it seeks relief against a defendant who is immune from such relief;

(2) the PREA claim is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(3) Defendants Taylor and Thompson are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim against them upon which relief may be granted and because these claims are redundant; and

(4) the Fourteenth Amendment sexual assault and harassment claim is **DISMISSED** since there is an explicit Constitutional provision that governs the analysis of the alleged wrongful actions.

The Court will enter a separate Scheduling Order governing the development of the continuing claims. In permitting these claims to continue, the Court passes no judgment on the merits and ultimate outcome of the action.

Date:

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.003